UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ASTAVIAN DNTAE MCMILLIAN,

　　　　　　　　Petitioner,

v.

RANDEE REWERTS,

　　　　　　　　Respondent.

Case No. 1:24-cv-469

Honorable Paul L. Maloney

_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner Astavian Dntae McMillian is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. Following a jury trial in the Kent County Circuit Court, Petitioner was convicted of possession of a controlled substance (cocaine), less than 25 grams, in violation of Mich. Comp. Laws § 333.7403(2)(a)(*v*).[1] On August 22, 2019, the trial court sentenced Petitioner as a fourth-offense habitual offender, Mich. Comp. Laws § 769.12, to 6 to 15 years' imprisonment.

On May 3, 2024, Petitioner filed his habeas corpus petition raising the following four grounds for relief:

---

[1] Petitioner was acquitted of the following charges: delivery or manufacture of a controlled substance (cocaine), 50 to 450 grams, in violation of Mich. Comp. Laws § 333.7401(2)(a)(*iii*); possession of a controlled substance (cocaine), 50 to 450 grams, in violation of Mich. Comp. Laws § 333.7403(2)(a)(*iii*); felon in possession of a firearm, in violation of Mich. Comp. Laws § 750.224f; second or subsequent drug offense, in violation of Mich. Comp. Laws § 333.7413(2); and felony-firearm, in violation of Mich. Comp. Laws § 750.227b(1). *See People v. McMillian*, No. 350665, 2021 WL 940969, at *1 (Mich. Ct. App. Mar. 11, 2021).

I.      Jurisdictional defect subject matter. Petitioner['s] judge added an additional charge after the close of proofs without a motion from either party and concedes so in the denial of [Petitioner's] MCR 6.500 [motion].

II.     Ineffective assistance of trial counsel and appellate counsel. Trial counsel concedes it was an error on his part for not objecting to the defect in the proceedings with an [sic] response to the Attorney Grievance Commission.

III.    Newly discovered evidence. All supporting facts for claims [were] not discovered until after direct appeal was affirmed. Petitioner['s] file was not available until 4/12/21 [and] 3/1/2023. Petitioner's counsel concedes to omitted claims on direct appeal.

IV.    Prosecutorial misconduct. Petitioner was never giv[en] notice, was never arraigned or had a preliminary examination. No felony warrant, amended felony complaint was ever filed.

(§ 2254 Pet., ECF No. 1, PageID.5–10.) Respondent contends that Petitioner's grounds for relief are meritless.[2] (ECF No. 13.) For the following reasons, the Court concludes that Petitioner has failed to set forth a meritorious federal ground for habeas relief and will, therefore, deny his petition for writ of habeas corpus.

---

[2] Respondent also contends that Petitioner's fourth ground for relief is unexhausted and procedurally defaulted. (ECF No. 13, PageID.207.) Respondent does recognize, however, that a habeas corpus petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." *See* 28 U.S.C. § 2254(b)(2). Furthermore, the Supreme Court has held that federal courts are not required to address a procedural default issue before deciding against the petitioner on the merits. *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) ("Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."); *see also Overton v. Macauley*, 822 F. App'x 341, 345 (6th Cir. 2020) ("Although procedural default often appears as a preliminary question, we may decide the merits first."); *Hudson v. Jones*, 351 F.3d 212, 215–16 (6th Cir. 2003) (citing *Lambrix*, 520 U.S. at 525; *Nobles v. Johnson*, 127 F.3d 409, 423–24 (5th Cir. 1997); 28 U.S.C. § 2254(b)(2)). Here, rather than conduct a lengthy inquiry into exhaustion and procedural default, judicial economy favors proceeding directly to a discussion of the merits of Petitioner's claim.

## Discussion

### I.    Factual Allegations

The Michigan Court of Appeals described the facts underlying Petitioner's conviction as follows:

> Detectives with the Grand Rapids Police Department received information from multiple confidential sources regarding [Petitioner]. This information led them to conduct surveillance on [Petitioner's] apartment. While conducting surveillance, a detective saw [Petitioner] enter the apartment's garage with another individual for approximately 10 to 15 seconds. After that, the individual left, and [Petitioner] went back into the apartment. Detectives determined that the other individual had a history of drug offenses, including possession with intent to deliver cocaine and heroin over 50 grams. The detectives were aware that [Petitioner] also had a history of drug offenses.
>
> On the basis of this information, detectives obtained and executed a search warrant on [Petitioner's] apartment and garage. [Petitioner's] girlfriend was present in the apartment when the search warrant was executed; [Petitioner] was not. In the garage, detectives found cocaine in multiple places. [Petitioner's] driver's license was found near the cocaine.
>
> The garage is located in a single building, separate from the apartment, but attached to garages for the other apartments in the building. The rafters over the garages are accessible by all of the garages. In the rafters over the garage adjacent to [Petitioner's] garage, detectives found a large amount of cocaine. This was accessible from [Petitioner's] garage. The occupant of the neighboring garage denied any knowledge of the cocaine, and her garage appeared as though it had not been used recently.

*People v. McMillian*, No. 350665, 2021 WL 940969, at *1 (Mich. Ct. App. Mar. 11, 2021).

Jury selection for Petitioner's trial occurred on June 24, 2019. (Trial Tr. I, ECF No. 14-3.) Over the course of the following day, the jury heard testimony from numerous witnesses, including several law enforcement officers, Petitioner's neighbor, and employees from the Michigan State Police's forensic science division. (Trial Tr. II, ECF No. 14-4.) On June 26, 2019, after deliberating for a good portion of the day, the jury convicted Petitioner of possession of a controlled substance—cocaine, less than 25 grams. (Trial Tr. III, ECF No. 14-5, PageID.727.) As noted *supra*

in note 1, the jury acquitted Petitioner of all other charged offenses. (*Id.*) Petitioner appeared before the trial court for sentencing on August 22, 2019. (ECF No. 14-6.)

Petitioner, with the assistance of counsel, appealed his conviction and sentence to the Michigan Court of Appeals. In a counseled brief, Petitioner raised the following claims for relief: (1) the trial court erred by departing more than three years above the minimum guidelines range and not providing reasonable grounds for doing so, and the departure sought to punish Petitioner for taking his case to trial; (2) the trial court abused its discretion by allowing a detective to testify regarding efforts to locate Petitioner's girlfriend, LaTasha Berry, for trial; and (3) Petitioner's due process rights were violated when the trial court's "conduct towards defense counsel who was making a valid objection pierced the veil of judicial impartiality." (ECF No. 14-11, PageID.934.) In a *pro per* supplemental brief, Petitioner argued that his due process rights were violated when a magistrate authorized a search of Petitioner's home without probable cause. (*Id.*, PageID.1026.) On March 11, 2021, the Michigan Court of Appeals affirmed Petitioner's conviction and sentence. *See McMillian*, 2021 WL 940969, at *1. The Michigan Supreme Court denied Petitioner's application for leave to appeal on February 2, 2022. *See People v. McMillian*, 969 N.W.2d 66 (Mich. 2022).

Petitioner subsequently filed a state habeas corpus petition with the Jackson County Circuit Court. *See McMillian v. Nagy*, No. 1:23-cv-66, 2023 WL 2236773, at *2 (W.D. Mich. Feb. 27, 2023). The circuit court denied that petition on October 18, 2022. *Id.* at *3. On November 21, 2022, Petitioner filed an application for leave to appeal the denial of that petition in the Michigan Court of Appeals. *See* Register of Actions, *McMillian v. G. Robert Cotton Corr. Facility Warden*, No. 364011 (Mich. Ct. App.), https://www.courts.michigan.gov/c/courts/coa/case/364011 (last visited Dec. 6, 2024). The court of appeals denied Petitioner's application for leave to appeal on

February 14, 2023. *Id.* The Michigan Supreme Court subsequently denied Petitioner's application for leave to appeal on August 22, 2023. *Id.*

On January 10, 2023, Petitioner filed his first § 2254 petition with this Court. *See McMillian*, 2023 WL 2236773, at *2. On February 27, 2023, this Court denied Petitioner's § 2254 petition without prejudice for failure to exhaust. *Id.*

On or about September 8, 2023, Petitioner returned to the trial court to file a motion for relief from judgment pursuant to Michigan Court Rule 6.502. (ECF No. 14-7.) In that motion, Defendant raised the following claims: (1) jurisdictional defect; (2) ineffective assistance of trial counsel; and (3) ineffective assistance of appellate counsel. (*Id.*, PageID.796.) The trial court denied Petitioner's motion for relief from judgment in an order entered on October 19, 2023. (ECF No. 14-8.) The trial court subsequently denied Petitioner's motion for reconsideration. (ECF Nos. 14-9, 14-10.) On January 4, 2024, the Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal. (ECF No. 14-12, PageID.1062.) The Michigan Supreme Court denied Petitioner's application for leave to appeal on March 29, 2024. *See People v. McMillian*, 4 N.W.3d 64 (Mich. 2024). This § 2254 petition followed.

## II.    AEDPA Standard

The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (internal quotation marks omitted) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams v. Taylor*, 529 U.S. 362, 381–82 (2000); *Miller v. Straub*, 299 F.3d 570, 578–79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37–38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Determining whether a rule application was unreasonable depends on the rule's specificity. *Stermer*, 959 F.3d at 721. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "[W]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotation marks omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–547 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Section 2254(d) limits the facts a court may consider on habeas review. The federal court is not free to consider any possible factual source. The reviewing court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "If a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court can review the underlying claim on its merits. *Stermer*, 959 F.3d at 721 (citing, *inter alia*, *Brumfield v. Cain*, 576 U.S. 305 (2015), and *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007)).

If the petitioner "satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court, 28 U.S.C. § 2254(d),"—for example, if he procedurally defaulted the claim—"AEDPA deference no longer applies." *Stermer*, 959 F.3d at 721. Then, the petitioner's claim is reviewed *de novo*. *Id*. (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

## III.    Discussion

### A.    Ground I—Subject-Matter Jurisdiction Defect

In his first ground for relief, Petitioner contends that there was a subject-matter jurisdiction defect in his criminal proceedings. (§ 2254 Pet., ECF No. 1, PageID.5.) Specifically, Petitioner argues that the trial judge "added an additional charge after the close of proofs without a motion from either party." (*Id.*)

Petitioner raised a subject-matter jurisdiction challenge in his Rule 6.502 motion for relief from judgment, and the trial court rejected it, stating:

> Defendant argues the Court lacks jurisdiction over him because Defendant was acquitted of all charges and that he is actually innocent. Respectfully, this Court disagrees. MCR 6.112 allows the court to permit the prosecutors to amend the information before, during, or after trial unless the amendment would unfairly surprise or prejudice the defendant.
>
> Though it is not clear what defendant is objecting to as the charging information, the Court did allow the jury to consider lesser-included offenses. Defendant was found not-guilty of Counts 1, 2, 3, and 5 by a jury. Count 4 was dismissed by the Prosecutor's office. The only count under which the jury found him guilty was Count 6 (labeled as Count 2A on the jury verdict form), which was a lesser-included charge. The Defendant cannot claim unfair surprise or prejudice as to the addition of a lesser included, because, by its very nature, a lesser-included is essentially a less-serious crime that happens during the commission of the more serious offense. Here, defendant was charged with two counts of possession of cocaine 50-449 grams, and the Court included the lesser-included offense of possession less than 25 grams. It would not be a surprise to defendant that he is charged with possession of 25 grams, when he was already charged with possession of even more than that amount.

(ECF No. 14-8, PageID.824.)

8

As an initial matter, the determination of whether a particular state court is vested with jurisdiction under state law and is the proper venue to hear a criminal case is a "function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976). Moreover, "a state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001).

The Michigan Supreme Court has described the concept of subject matter jurisdiction as follows: "Subject matter jurisdiction concerns a court's abstract power to try a case of the kind or character of the one pending and is not dependent on the particular facts of the case." *People v. Lown*, 488 Mich. 242, 794 N.W.2d 9, 23 (Mich. 2011) (internal quotation marks and emphasis omitted). "Michigan circuit courts are court of general jurisdiction and unquestionably have jurisdiction over felony cases." *Id.*; *see also* Mich. Const. of 1963, art. 6, §§ 1 & 13; Mich. Comp. Laws §§ 600.151, 600.601, and 767.1. To the extent Petitioner asserts violations of these state jurisdictional laws, such purported violations do not provide a basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Although the issue of subject-matter jurisdiction has been conclusively resolved, the Court construes Plaintiff's first ground for relief to suggest that he did not receive constitutionally adequate notice of the lesser-included charge. The Fourteenth Amendment's Due Process Clause mandates that whatever charging method the state employs, it must give the criminal defendant fair notice of the charges against him so as to provide him an adequate opportunity to prepare his defense. *See Watson v. Jago*, 558 F.2d 330, 338 (6th Cir. 1977). The United States Supreme Court has recognized that a defendant's due process rights may be violated if the jury is instructed on an offense not included in the charging document and if the defendant did not have notice that he may

be charged with that offense. *See Schmuck v. United States*, 489 U.S. 705, 717–18 (1989); *see also Seymour v. Walker*, 224 F.3d 542, 558 (6th Cir. 2000). However, instructing a jury regarding a lesser-included offense passes muster even over a defendant's objection because notice of the greater offense necessary provides sufficient notice to the defendant that he may have to defend against the lesser charge. *See Seymour*, 224 F.3d at 558 (citing cases); *see also United States v. Dunn*, 269 F. App'x 567, 576 (6th Cir. 2008).

The Michigan Court of Appeals has concluded that possession of more than 650 grams of cocaine is "a necessarily included lesser offense of possession with intent to deliver that amount of cocaine, because the only distinguishing characteristic is the additional element of the intent to deliver." *People v. Torres (On Remand)*, 564 N.W.2d 149, 153 (Mich. Ct. App. 1997). The court of appeals has also noted that "possession of less than twenty-five grams of cocaine constitutes a lesser-included offense to possession of less than fifty grams with intent to deliver." *People v. Smith*, No. 247946, 2004 WL 1505398, at *4 (Mich. Ct. App. July 6, 2004).

Likewise, in Defendant's case, possession of less than 25 grams of cocaine is necessarily a lesser included offense to possession of 50–449 grams of cocaine. *See People v. Lewis*, No. 224553, 2001 WL 1608889, at *1-2 (Mich. Ct. App. Dec. 14, 2001). Thus, because Petitioner was initially charged with two counts of possession of 50–449 grams of cocaine, he was on notice that he may have to defend against any lesser charges regarding lesser amounts of cocaine. The only question for the jury was how much cocaine Petitioner actually possessed. The amendment of the charging document to include this lesser-included offense did not prejudice Petitioner in any way because, as Petitioner's counsel set forth in his opening statement, Petitioner's defense was that he did not possess the cocaine at all. (Trial Tr. II, ECF No. 14-4, PageID.472–479.)

10

In sum, at the outset of Petitioner's criminal proceedings, Petitioner was on notice that he would have to defend against the charge of possession of any lesser amount of cocaine, not just the 50–449 grams mentioned in the charging document. Petitioner fails to provide any evidence suggesting that this notice was insufficient to allow him to adequately prepare a defense. Thus, Petitioner's claim does not implicate his due process rights. Because Petitioner has failed to demonstrate that the state court's rejection of this claim is contrary to, or an unreasonable application of, clearly established federal law, he is not entitled to relief with respect to ground I.

## B.    Ground II—Ineffective Assistance of Trial and Appellate Counsel

As his second ground for relief, Petitioner contends that trial and appellate counsel rendered ineffective assistance. (§ 2254 Pet., ECF No. 1, PageID.7.) Petitioner provides no supporting facts for this assertion, other than to state that "[t]rial counsel concedes it was an error on his part for not objecting to the defect in the proceedings with a[] response to the Attorney Grievance Commission." (*Id.*) Petitioner provides no further explanation.

Petitioner goes on to note that he raised his ineffective assistance claim in his Rule 6.502 motion for relief from judgment. (*Id.*) In those proceedings, the trial court considered whether appellate counsel was ineffective for failing to argue on direct appeal that the trial court erred by adding the lesser-included charge without a motion from either party. (ECF No. 14-8, PageID.823–24.) Moreover, in his reply, Petitioner argues that both trial and appellate counsel were ineffective for failing to challenge the inclusion of the lesser-included offense charge. (ECF No. 17, PageID.1412.) Accordingly, the Court construes Petitioner to be asserting that argument as his second ground for relief.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance

11

fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the petitioner resulting in an unreliable or fundamentally unfair outcome. *Id.* at 687. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The petitioner bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the petitioner is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

The *Strickland* standard that applies to trial counsel also applies to appellate counsel. However, a criminal appellant has no constitutional right to have every non-frivolous issue raised on appeal. Rather, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)). To require appellate counsel to raise every possible colorable issue "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Strickland*, 466 U.S. at 688. As the Supreme Court has observed, it is difficult to demonstrate that an appellate attorney has violated the performance prong where the attorney presents one argument on appeal rather than another. *Smith*

*v. Robbins*, 528 U.S. 259, 289 (2000). In such cases, the petitioner must demonstrate that the issue not presented "was clearly stronger than issues that counsel did present." *Id.*

Moreover, as the Supreme Court repeatedly has recognized, when a federal court reviews a state court's application of *Strickland* under § 2254(d), the deferential standard of *Strickland* is "doubly" deferential. *Harrington*, 562 U.S. at 105 (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)); *see also Burt v. Titlow*, 571 U.S. 12, 15 (2013); *Cullen*, 563 U.S. at 190; *Premo v. Moore*, 562 U.S. 115, 122 (2011). Scrutiny of counsel's performance is "highly deferential", per *Strickland*, to avoid the temptation to second guess a strategy after-the-fact and to "eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. And then scrutiny of the state court's scrutiny of counsel's performance must also be deferential, per 28 U.S.C. § 2254(d). In light of that double deference, the question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*; *Jackson v. Houk*, 687 F.3d 723, 740–41 (6th Cir. 2012) (stating that the "Supreme Court has recently again underlined the difficulty of prevailing on a *Strickland* claim in the context of habeas and AEDPA . . . ." (citing *Harrington*, 562 U.S. at 102)).

The trial court set forth the following standard of review when it addressed Petitioner's ineffective assistance claim in its order denying Petitioner's Rule 6.502 motion.

> "To establish ineffective assistance of counsel, a defendant must show: (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different."[12] Prejudice is established when it is shown there is "a reasonable probably that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[13]

---

[12] *People v. Shaw*, 315 Mich. App. 668, 671 (2016) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984), *People v. Frazier*, 478 Mich. 231, 243 (2007)).

[13] *Strickland*, 466 U.S. at 694.

(ECF No. 14-8, PageID.823.) Clearly, the trial court applied the correct standard.

The state court's application of the correct standard eliminates the possibility that the resulting decision is "contrary to" clearly established federal law. As the Supreme Court stated in *Williams v. Taylor*:

> The word "contrary" is commonly understood to mean "diametrically different," "opposite in character or nature," or "mutually opposed." Webster's Third New International Dictionary 495 (1976). The text of § 2254(d)(1) therefore suggests that the state court's decision must be substantially different from the relevant precedent of this Court. The Fourth Circuit's interpretation of the "contrary to" clause accurately reflects this textual meaning. A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases.

*Williams*, 529 U.S. at 405. The Court went on to offer, as an example of something that is not "contrary to" clearly established federal law, the following:

> [A] run-of-the-mill state-court decision applying the correct legal rule from our cases to the facts of a prisoner's case would not fit comfortably within § 2254(d)(1)'s "contrary to" clause. Assume, for example, that a state-court decision on a prisoner's ineffective-assistance claim correctly identifies *Strickland* [*v. Washington*, 466 U.S. 668 (1984),] as the controlling legal authority and, applying that framework, rejects the prisoner's claim. Quite clearly, the state-court decision would be in accord with our decision in *Strickland* as to the legal prerequisites for establishing an ineffective-assistance claim, even assuming the federal court considering the prisoner's habeas application might reach a different result applying the *Strickland* framework itself. It is difficult, however, to describe such a run-of-the-mill state-court decision as "diametrically different" from, "opposite in character or nature" from, or "mutually opposed" to *Strickland*, our clearly established precedent. Although the state-court decision may be contrary to the federal court's conception of how *Strickland* ought to be applied in that particular case, the decision is not "mutually opposed" to *Strickland* itself.

*Id.* at 406. Therefore, because the trial court applied the correct standard, Petitioner can only overcome the deference afforded state court decisions if the determination regarding Petitioner's ineffective assistance claim is an unreasonable application of *Strickland* or if the state court's resolution was based on unreasonable determinations of the facts. 28 U.S.C. 2254(d).

The trial court rejected Petitioner's ineffective assistance claim, stating:

Respectfully, both the ineffective assistance of counsel claim and the underlying claim are meritless:

It is the function of the trial court to clearly present the case to the jury and instruct on the applicable law. Necessarily included lesser offenses are offenses in which the elements of the lesser offense are completely subsumed in the greater offense. A requested instruction on a necessarily included lesser offense is proper if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it. Failure to instruct on a lesser included offense undermines reliability in the verdict only when the evidence "clearly supports the lesser included instruction, but the instruction is not given.[]

As stated by the Court of Appeals, it would have been reversible error to not include the lesser included. It did not require a formal motion. [Petitioner's] argument is meritless, and his appellate counsel's failure to raise it would not have changed the outcome of his appeal.

(ECF No. 14-8, PageID.824.)

The trial court's analysis is completely consistent with clearly established federal law. As discussed *supra*, no due process violation occurred from the trial court instructing the jury regarding the lesser-included offense of possession of less than 25 grams of cocaine. Any argument by trial counsel otherwise would have been futile. "[O]mitting meritless arguments is neither professionally unreasonable nor prejudicial." *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013); *see also Mahdi v. Bagley*, 522 F.3d 631, 638 (6th Cir. 2008) ("No prejudice flows from the failure to raise a meritless claim."). Furthermore, appellate counsel's decision not to raise this claim on direct appeal "cannot be deemed constitutionally deficient performance." *Willis v. Smith*, 351 F.3d 741, 746 (6th Cir. 2003); *see also Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001) ("If trial counsel performed adequately, our inquiry is at an end; by definition, appellate counsel cannot be ineffective for a failure to raise an issue that lacks merit."). Petitioner, therefore, is not entitled to relief with respect to habeas ground II.

**C.** **Ground III—Newly Discovered Evidence**

As his third ground for relief, Petitioner states only "newly discovered evidence." (§ 2254 Pet., ECF No. 1, PageID.8.) In the section for "supporting facts," Petitioner states: "All supporting facts for claims w[ere] not discovered until after direct appeal was affirmed. Petitioner['s] file was not available until 4/12/21; 3/1/23[.] Petitioner's counsel concedes to omitted claims on direct appeal." (*Id.*)

To the extent Petitioner is attempting to assert a claim of actual innocence premised upon newly discovered evidence, he fails to state a cognizable federal claim. The Supreme Court has stated: "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). But the *Herrera* Court did not close the door completely, stating in dicta that "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim." *Id.* at 417. Thus, even without the occurrence of any independent constitutional violation during the state criminal proceeding, federal habeas relief might be warranted for "truly persuasive demonstration of actual innocence," provided: (1) the habeas petition seeks relief in a capital case, in which case such a demonstration of actual innocence "would render the execution of a defendant unconstitutional"; and (2) there is "no state avenue open to process such a claim." *Id.* The Supreme Court emphasized that "the threshold showing for such an assumed right would necessarily be extraordinarily high." *Id.*; *see also House v. Bell*, 547 U.S. 518, 555 (2006) ("In *Herrera*, however, the Court described the threshold for any hypothetical

freestanding innocence claim as 'extraordinarily high.'"); *Cress v. Palmer*, 484 F.3d 844, 854–55 (6th Cir. 2007).

Two years after *Herrera,* the Supreme Court held that a claim of actual innocence can be raised "to avoid a procedural bar to the consideration of the merits of [the petitioner's] constitutional claims." *Schlup v. Delo*, 513 U.S. 298, 326–27 (1995). "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). In *Schlup*, the Supreme Court held that a credible showing of actual innocence was sufficient to enable a court to reach the merits of an otherwise procedurally barred habeas petition. *Schlup*, 513 U.S. at 317. The actual innocence claim in *Schlup* is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.* at 315 (citing *Herrera*, 506 U.S. at 404). Thus, the Supreme Court distinguished between a procedural innocence claim, which can permit a petitioner to overcome procedural obstacles that would otherwise preclude review of underlying constitutional claims, and a substantive or "free-standing" claim of innocence discussed in *Herrera*.

This Court may grant habeas corpus relief only when the state court has violated or unreasonably applied a clearly established holding of the Supreme Court. *See* 28 U.S.C. § 2254(d); *Williams*, 529 U.S. at 412. As an initial matter, Petitioner's claim is wholly devoid of any discussion regarding the newly discovered evidence to which he refers. Moreover, it is unclear to the Court whether Petitioner is raising a procedural innocence claim to overcome procedural default, or a "free-standing" claim of innocence. To the extent Petitioner is raising a procedural innocence claim, as noted *supra* in note 1, the Court has concluded that judicial economy favors

resolving Petitioner's claims on the merits rather than conduct a lengthy discussion of exhaustion and procedural default.

Moreover, in the absence of clearly established Supreme Court precedent establishing a freestanding claim of actual innocence, Petitioner's claim is without merit. The Sixth Circuit repeatedly has held that free-standing claims of actual innocence are not cognizable on habeas corpus review. *See Smith v. Nagy*, 962 F.3d 192, 206 (6th Cir. 2020) (citing *Schlup* and *Herrera*); *Cress*, 484 F.3d at 854 (citing cases). Even if Petitioner could invoke this exception and obtain habeas relief on his freestanding innocence claim, he would have to meet both of the requirements set forth above and then overcome the "extraordinarily high" threshold. Petitioner fails the first requirement. This is not a capital case, and thus, the concern about the unconstitutionality of executing a defendant who has shown persuasive evidence of actual innocence is not implicated. *See Herrera*, 506 U.S. at 417 ("We first point out the obvious - that this is not, in fact, a capital case.").

In sum, for the reasons set forth above, Petitioner is not entitled to relief with respect to habeas ground III.

### D.    Ground IV—Prosecutorial Misconduct

As his fourth and final ground for relief, Petitioner contends that prosecutorial misconduct occurred because he "was never giv[en] notice, was never arraigned or had a preliminary examination." (§ 2254 Pet., ECF No. 1, PageID.10.) He also mentions that neither a felony warrant nor an amended felony complaint were ever filed. (*Id.*)

Petitioner contends that he raised his prosecutorial misconduct claim in his Rule 6.502 motion. (*Id.*) However, a review of that motion and the trial court's order denying it indicates that at no time did Petitioner raise a prosecutorial misconduct claim during Rule 6.502 proceedings. Petitioner only mentioned prosecutorial misconduct in his motion for reconsideration of the trial

court's order, stating that the trial court "erred in not letting [Petitioner] supplement to add a claim of prosecutorial misconduct." (ECF No. 14-9, PageID.827.) Petitioner's procedural misconduct claim is, therefore, unexhausted. Nevertheless, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." *See* 28 U.S.C. § 2254(b)(2).

For a petitioner to be entitled to habeas relief on the basis of prosecutorial misconduct, the petitioner must demonstrate that the prosecutor's improper conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). "[T]he touchstone of due process analysis . . . is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982). In evaluating the impact of the prosecutor's misconduct, a court should consider the extent to which the claimed misconduct tended to mislead the jury or prejudice the petitioner. *See United States v. Young*, 470 U.S. 1, 11–12 (1985). The Supreme Court has described the *Darden* standard as "a very general one, leaving courts 'more leeway . . . in reaching outcomes in case-by-case determinations.'" *Parker v. Matthews*, 567 U.S. 37, 48 (2012). The *Parker* Court rejected an attempt to graft any additional requirements on the "very general" *Darden* standard.

Petitioner's allegations of prosecutorial misconduct are scant, but it appears that he believes misconduct occurred because the prosecutor allowed the trial court to instruct the jury on the lesser-included offense of possession of less than 25 grams of cocaine. Petitioner, however, cannot demonstrate that such misconduct, if any, violated his due process rights. The record clearly reflects that Petitioner had a preliminary examination regarding the more serious charges, including the charges of possessing greater amounts of cocaine. (ECF No. 14-2.) Moreover, the

19

Court has already concluded that no due process violation occurred when the trial court instructed the jury regarding the lesser-included offense. Petitioner provides no authority, and the Court has located none, suggesting that prosecutorial misconduct occurs when a prosecutor allows a trial court to *sua sponte* instruct on a proper lesser-included charge.

To the extent Petitioner was challenging the charging documents or early proceedings generally, his claim still lacks merit. Challenges to the propriety of initial proceedings in the state courts are not cognizable in federal habeas corpus, because they do not undermine the validity of a conviction. *See Gerstein v. Pugh*, 420 U.S. 103, 119 (1975); *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002) ("Beyond notice, a claimed deficiency in a state criminal indictment is not cognizable on federal collateral review."); *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir.1986); *Lewis v. Procunier*, 746 F.2d 1073, 1075 (5th Cir. 1984) (allegation of defective indictment insufficient to state a claim for habeas relief); *Johnson v. Turner*, 429 F.2d 1152, 1154 (10th Cir. 1970) (alleged defect in state complaint not cognizable in habeas corpus); *Hogan v. Ward*, 998 F. Supp. 290, 294-95 (W.D.N.Y. 1998) (petitioner not entitled to relief on ground that state felony complaint was defective).

At most, Petitioner's allegations suggest that the original charges may not have been based upon a proper showing of probable cause. It is well-settled, however, that a convicted defendant cannot upset a conviction on the argument that no probable cause was shown prior to conviction. *See United States v. Saussy*, 802 F.2d 849, 852 (6th Cir. 1986). Consequently, even if Petitioner were able to show that the complaint was not supported by a sufficient factual showing, this in no way impugns his conviction, which was based upon a jury verdict, not on the complaint. *See United States v. Mechanik*, 475 U.S. 66, 73 (1986) (noting that the "jury's verdict rendered harmless any conceivable error in charging decision . . . .").

Accordingly, for these reasons, Petitioner is not entitled to relief with respect to habeas ground IV.

## IV.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's denial of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal

would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

### <u>Conclusion</u>

The Court will enter a judgment denying the petition, as well as an order denying a certificate of appealability.

Dated:    <u>December 13, 2024</u>            <u>/s/ Paul L. Maloney</u>
                                                                Paul L. Maloney
                                                                United States District Judge